United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51396
Conference Calendar

_____

BILLY WAYNE LEWIS,

                                        Plaintiff-Appellant,

versus

DAN SMITH, Bell County Sheriff;
FNU PATTERSON, Deputy Sheriff of Bell County;
FNU MCCALL, Deputy Sheriff of Bell County,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-117
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Billy Wayne Lewis, Texas prisoner #1057794, has filed a
motion to proceed in forma pauperis (IFP) on appeal from the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous pursuant to 28 U.S.C. § 1915(e).  By moving for IFP,
Lewis is challenging the district court's certification that IFP
status should not be granted on appeal because his appeal is not

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Lewis argues that he was only allowed to go to the prison law library for approximately three hours over a seven-month period and that, during this time, he had three civil matters pending, including a habeas case, in which he was acting pro se. He states that he needed access to the prison library to defend himself against the seizure of his property, to file a grievance against or fire his court-appointed attorney in his criminal case, and to see that he had adequate representation.

To establish that he has been denied access to the courts, Lewis must show actual prejudice in his ability to pursue a legal claim. Bounds v. Smith, 430 U.S. 817, 821 (1977); Lewis v. Casey, 518 U.S. 343, 351 (1996). Lewis's only attempted allegation of prejudice is with respect to his habeas case. Assuming, however, as Lewis alleges, that his habeas petition, filed in July 2002, was only 58 days late, he had more than enough time after September 10, 2001, when he was last denied access to the prison law library, to timely file his petition. Accordingly, his motion for IFP is DENIED, and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 and n.24; 5TH CIR. R. 42.2.

Both the district court's dismissal of Lewis's complaint and this court's dismissal of this appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103

F.3d 383, 385-87 (5th Cir. 1996).  We caution Lewis that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.